J-S80027-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| GERVIN DEATAN | : | |
| Appellant | : | No. 1495 EDA 2017 |

Appeal from the PCRA Order March 31, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0517551-1974

BEFORE:  BOWES, J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.:                          **FILED MARCH 08, 2018**

Appellant, Gervin Deatan, appeals *pro se* from the order denying his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court summarized the factual and procedural history of this case as follows:

PROCEDURAL HISTORY

Appellant was convicted of second degree murder and sentenced to life imprisonment without the possibility of parole on May 13, 1975.

Appellant filed a *pro se* PCRA petition on August 24, 2012, seeking relief under Miller [v. Alabama, 132 S.Ct. 2455 (2012)] and filed an amended PCRA petition on [March 23,] 2016, to include the United States Supreme Court's holding in

Montgomery [v. Louisiana, 136 S.Ct. 718 (2016)].[1]   The Defenders Association of Philadelphia entered its appearance as counsel on May 25, 2016.  After several status listings, counsel filed a no merit letter on January 24, 2017.  This [c]ourt served the Appellant with a notice of intent to dismiss his petition on February 28, 2017.  The Appellant filed a response to the notice of intent to dismiss on March 23, 2017.  This [c]ourt, by Order dated March 31, 2017, dismissed the PCRA petition as having no merit and permitted counsel to withdraw.  Appellant filed [a] *pro se* Notice of Appeal on April 28, 2017.

STATEMENT OF FACTS

The Appellant was convicted of [second] degree murder and sentenced to life without the possibility of parole for a murder that occurred on May 3, 1974.  According to his birth certificate, obtained by Appellant's counsel, the Appellant was born on March 9, 1956.  Therefore, at the time of the murder, the Appellant was over the age of eighteen.  The Appellant admitted to being over the age of eighteen at the time of the murder in both his petition and in his response to the notice [of] intent to dismiss.

PCRA Court Opinion, 6/28/17, at 1-2.

Appellant presents the following issues for our review:

I.      Does mandatory life-without-parole terms for individuals 18 to 25 years of age in homicide cases violate the United States Constitution's Eighth Amendment and Pennsylvania Constitution's Article 1 § 13?

II.     Does mandatory life-without-parole terms for individuals 18 to 25 years of age in homicide cases violate the United States Constitution['s] Fourteenth Amendment's Due

---

[1] "In **Miller**, the Supreme Court held that mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on cruel and unusual punishments."  **Miller**, 132 S.Ct. at 2460.   The **Montgomery** Court subsequently determined that **Miller** retroactively applied to cases on collateral review.  **Montgomery**, 136 S.Ct. at 734.

Process Rights when the fact finders were not allowed to consider age as an element of the crime for sentencing purposes?

III. Does mandatory life-without-parole terms for individuals 18 to 25 years of age in homicide cases violate the United States Constitution's Fourteenth Amendment's Equal Protection Clause and the Pennsylvania Constitution's Article 1 § 25?

Appellant's Brief at 2 (unnecessary capitalization omitted).

It is well settled that the timeliness of a PCRA petition is a jurisdictional threshold and may not be disregarded in order to reach the merits of the claims raised in a PCRA petition. **Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa. Super. 2014). Effective January 16, 1996, the PCRA was amended to require a petitioner to file any PCRA petition within one year of the date his judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Where a petitioner's judgment of sentence became final on or before the effective date of the amendment, January 16, 1996, a special grace *proviso* allowed first PCRA petitions to be filed by January 16, 1997. **See Commonwealth v. Alcorn**, 703 A.2d 1054, 1056-1057 (Pa. Super. 1997) (explaining the application of the PCRA grace *proviso*).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[2] A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2).

Our review of the record reflects that Appellant was sentenced on May 13, 1975. Because Appellant did not filed a direct appeal, his judgment of sentence became final on June 12, 1975, when the time for filing a direct appeal expired. 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a). Thus, Appellant's judgment of sentence became final prior to the effective date of the PCRA amendments. However, Appellant's instant PCRA petition, which

---

[2] The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

- 4 -

was filed on August 24, 2012, and amended on March 23, 2016, does not qualify for the grace *proviso* because it was not filed before January 16, 1997. Thus, the instant PCRA petition is patently untimely.

As previously stated, if a petitioner does not file a timely PCRA petition, his petition may nevertheless be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). If a petitioner asserts one of these exceptions, he must file his petition within sixty days of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). **Commonwealth v. Carr**, 768 A.2d 1164, 1167 (Pa. Super. 2001).

Without reference or argument to the PCRA's timeliness requirements, Appellant contends he is entitled to review because of a new constitutional right recognized in **Miller/Montgomery**, pursuant to 42 Pa.C.S. § 9543(b)(1)(iii) . Appellant's Brief at 5. Appellant argues that:

> although the United States Supreme Court dealt with the diminished culpability of those under 18 it is evident the Court's rationales and conclusions should be equally applied to this case. Appellant contends [that] to not consider the evidence or bar relief where he is similarly situation is a denial of his right to equal protection of the law and thus, cruel and unusual punishment.

*Id.* In his appellate brief, Appellant concedes that he was eighteen years of age at the time of the crime. *Id.* at 5, 6, and 9. However, he maintains that "this court should consider the developments in neuroscience when sentencing those 18 to 25 because their characters are not well formed, their (psychological) traits are less fixed and their actions less likely to be evidence of irretrievable depravity. Thus, they are amenable to growth and change too." *Id.* at 9.

We have previously rejected this precise claim in our decision in *Commonwealth v. Furgess*, 149 A.3d 90, 94 (Pa. Super. 2016):

> The *Miller* decision applies to only those defendants who were under the age of 18 at the time of their crimes.
>
> * * *
>
> [Furgess] argues that he nevertheless may invoke *Miller* because he was a "technical juvenile," and he relies on neuroscientific theories regarding immature brain development to support his claim that he is eligible for relief. But, rather than presenting an argument that is within the scope of the *Miller* decision, this argument by [Furgess] seeks an *extension* of *Miller* to persons convicted of murder who were older at the time of their crimes than the class of defendants subject to the *Miller* holding.
>
> We rejected reliance on this same argument for purposes of Section 9545(b)(1)(iii) in *Commonwealth v. Cintora*, 69 A.3d 759 (Pa. Super. 2013). The defendants in *Cintora* were 19 and 21 years old at the times of their crimes, but they argued that *Miller* should apply to them and others whose brains were not fully developed at the time of their crimes. We stated that a contention that a newly-recognized constitutional right *should* be extended to others does not render a petition seeking such an expansion of the right timely pursuant to section 9545(b)(1)(iii).

- 6 -

> We also pointed out in **Cintora** that the right recognized in **Miller** had not been held to apply retroactively at the time of that decision and that its non-retroactivity would have been an alternative basis for denial of relief. [**Cintora**,] 69 A.3d at 764 n. 4. Because the U.S. Supreme Court in **Montgomery** has since held that **Miller** does apply retroactively, this second reason stated in the **Cintora** opinion is no longer good law. However, nothing in **Montgomery** undermines **Cintora's** holding that petitioners who were older than 18 at the time they committed murder are not within the ambit of the **Miller** decision and therefore may not rely on that decision to bring themselves within the time-bar exception in Section 9545(b)(1)(iii). Accordingly, **Cintora** remains controlling on this issue, and [Furgess'] assertion of the time-bar exception at Section 9545(B)(1)(iii) must be rejected.

**Furgess**, 149 A.3d at 94 (some citations, original brackets, and most quotation marks omitted; emphasis in original).

Here, it is undisputed that Appellant was eighteen years of age at the time of the crime. Accordingly, the holdings in **Miller** and **Montgomery** do not apply to Appellant. **Furgess**, 149 A.3d at 94. Appellant has failed to establish the newly-recognized constitutional right exception to the PCRA time-bar.

Because the instant PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the claims presented and grant relief. **See Commonwealth v. Fairiror**, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. **See Commonwealth v.**

***Bennett***, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/8/18